**FILED**

JUL 14 2008

Clerk, U.S. District and
Bankruptcy Courts

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

William A. Britt
277-487
District of Columbia Department of Corrections
1901 D. Street, Southeast
Washington, District of Columbia 20003

William Alonzo Britt, Petitioner

V.

Stanley Waldern, Warden
District of Columbia Department of Corrections
United States Parole Commission
    Respondent(s)

|
|
|
|
|
|
|
|

Case: 1:08-cv-01195
Assigned To : Sullivan, Emmet G.
Assign. Date : 7/14/2008
Description: Habeas Corpus/2255

---

### A Writ of Habeas Corpus pursuant to 28 USC 2241

---

Come now the petitioner, a pro se litigant, invoking this Honorable Court to insulate and protect his

rights from the callous and injurious conduct of the above captioned respondent(s). In support

thereof, petitioner presents the following information to his claim:

---

### Chronology of Events

---

William A. Britt was sentenced by the Superior Court of the District of Columbia to serve a

sentence of five to fifteen years (Omnibus), (Original term) for the crime of "Possession with Intent

to Distribute Cocaine while armed" and was released on parole July 18, 2003 from Rivers

Correctional Institution with 3592 days remaining to be served on supervision.

On April 4, 2007, the petitioner was rearrested in Prince Georges County Maryland for First

Degree Assault (1 count), Second Degree Assault (1 Count), and Reckless Endangerment. On May

4, 2007 he was released from Prince Georges County Detention Center on $65,000 bond.  The trial date was set for November 7, 2007.

On November 7, 2007, The Honorable Judge Lamasney presiding, Ms. Anderson in this matter representing the state motion to "Amend" (Count 2) to reflect (Second Degree Assault) <u>Granted</u>. That Amendment was proposed by the state.  For that, the petitioner withdrew his "Not Guilty Plea" and entered an "Alford Plea" of guilt to Count Two Second Degree Assault as amended and Count Three Second Degree Assault.  The court accepted that plea.

On June 5, 2007, an alleged violation report was submitted to the Commission by his CSO, Martina Wright due to the petitioner's rearrest once again in the District of Columbia for Driving While Intoxicated case number T012648-07.  In that case, the petitioner was ordered by the court to enroll in the Pre-trial Diversion Program (PDP) and a future court date was set for March 14, 2008 to allow him to complete the program before adjudication.

On March 5, 2008, a violator's warrant was issued by the U.S. Parole Commission for the petitioner's arrest.  On March 13, 2008 the petitioner was taken into custody by the United States Marshall Service on a Retake Warrant.

The Commissions allege violations were Charge Number one (Use of Dangerous and Habit Forming Drugs) to wit marijuana.  Charge Number two (Law Violation: **A**. First Degree Assault; **B**. Assault on a Police Officer.  Charge Number three (Law Violation: Driving while intoxicated.

On May 14, 2008, the U. S. Parole Commission conducted a revocation hearing at the Central

Treatment Facility (CTF). At the hearing the petitioner was found guilty of all three charges and

the U. S. Parole Commission examiner recommended a sixty month set off which was in error

because the examiner relied on erroneous information in the fact finding process, which if was

correct, would warrant a different decision.

### Law Violation B
The examiner found the petitioner guilty of Assault on a Police Officer when that charge
was actually amended by the Court in Prince Georges County where he entered an
Alford Plea to two counts of Second Degree Assault (See Exhibit C Paragraph 10 line 2)

---

### Discussion

---

The central focus here is; in what category does the petitioner fall within given the description of

his conduct in the event of his alleged violation. For that, one must contrast the facts in this case

with the Commission and Examiners findings at the hearing.

### "The Event"

On the day in question there was a fight involving several individuals, which also speculatively,

included a police officer. Thus, the petitioner in this matter was confronted by a plain clothed

unbeknown to him law enforcement official who attempted to break up the fight. The petitioner

then, (instinctively) became combative to said officers interaction as if he was a part of an

entourage. The plain clothed individual suddenly drew a weapon, at which time the petitioner,

along with several other individuals involved in the incident began fleeing the scene.

Here we have an individual (the petitioner) caught up in an event of pandemonium; whereas an unannounced officer gets involved, draws a weapon, and everyone flees the scene without the instance of a discharged firearm. If the officer was indeed assaulted as initially reported, then this officer had all the elements required to justify the discharge of his service weapon. That did not happen and the charges of First Degree Assault on a Police Officer did not hold up in court. Note* See Exhibit C whereas the State in that matter submitted a Motion to amend Count Two to reflect "Second Degree Assault" Granted. Amendment was proposed by the State the plea of "Not Guilty" withdrawn and an Alford Plea of "Guilt" entered to Count Two Second Degree Assault as amended and Count Three Second Degree Assault. The court accepts the amendment and plea. This emphatically was not a plea agreement- but rather an amendment of charges as the court found that the so called charges of First Degree Assault and Assault on a Police Officer were unfound (the evidence did not support such allegations). Again, this was not a plea agreement, but amendment of charges to which evidence supports.

Therefore, the Commission is in error, or should we say relied on erroneous information in its fact finding process placing the petitioner in a more onerous category than the facts suggest. Now, we must compare the event to the Commissions interpretation and how it reached its categorized placements.

For that- See Exhibit A, the event described beforehand fall within the category of 212-1 (c) which read:

      (b)    "If bodily injury results or a dangerous weapon is used by any offender, grade as Category Five.

      (c)    Otherwise, grade as Category Two.

Based on the facts in the event given the amended charges the petitioner should have been placed in the above category of severity of offense. Therefore, falling in the customary guideline range of a fair risk for parole with a severity of offense level Category Two. The customary range of twelve to sixteen months. (See Exhibit B).

And accordingly, the Commission must provide justifiable rationale as to why he was carried outside those guidelines in an upper departure.

That was not the case in this matter. The examiner simply misinterpreted the event while not fully understanding the entire adjudication of the charges, its disposition again, See Exhibit B-Guidelines for decision making. Asterisk indicative of petitioner's customary guidelines.

### Conclusion

With this fact being established the examiner, representative of the U. S. Parole Commission made a mistake in his interpretation of the event causing the petitioner grave injury in the deprivation of is Liberty and the pursuit of happiness in violation of the Eighth, Fourteenth, and Fifteenth Amendment of the United States Constitution.

Therefore, the petitioner has no other recoil outside the confines of this court seeking to redeem his right in the form of this <u>Mighty Writ of Liberty</u>.

With that being said, the petitioner respectfully pray that this Honorable Court, in its jurisprudence, having jurisdiction hereof, would intervene in this matter, review and thus reprieve his rights from the callous and injurious conduct of the above mentioned respondent(s).

I hereby swear by the penalty of perjury that the above information is accurate and true to the best of my knowledge.

### Certificate of Service

I also certify that a copy of this litigation was mailed to the U.S. Attorney General Office at 555 4th Street, NW, Washington, DC  20001 and the Clerk of the U.S. District Court for the District of Columbia at 333 Constitution Avenue, NW, Washington, DC  20001.

Respectfully submitted on this tenth day July 2008.

Respectfully,

William A. Britt
ylc

**YOLANDA L. CLEVELAND**
**8847 TIDESEBB COURT**
**COLUMBIA, MARYLAND  21045**
**HOME:  301-596-6466  CELL:  202-486-6033**
**yclevelandtart@aol.com**

The Clerk of the Court
United States District Court for the District of Columbia
333 Constitution Avenue, Northwest
Washington, District of Columbia 20001

To Whom It May Concern:

I am submitting this Writ of Habeas Corpus on behalf of William A. Britt
(277-487) an inmate at the District of Columbia Jail.  The drafter of this
litigation is:

      **Fennell Goodman DCDC Number is 211-956**
      **1901 D Street Southeast**
      **Washington, District of Columbia 20003**

Upon the response to the Writ, immediately forward the response to Fennell
Goodman so he may meet any statutory deadlines in the procedure.

If there are any questions or concerns, please feel free to contact me at the
address or numbers listed above.

Sincerely,

Yolanda L. Cleveland, M.E.D.
ylc

cc:   The United States Attorney General Office
      United States Parole Commission
      District of Columbia Department of Corrections

08 1195
**FILED**
JUL 14 2008
Clerk, U.S. District and
Bankruptcy Courts

## CHAPTER TWO - OFFENSES INVOLVING THE PERSON

### SUBCHAPTER A - HOMICIDE OFFENSES

201    **Murder**

**Murder\*, or a forcible felony\* resulting in the death of a person other than a participating offender, shall be graded as Category Eight.** [[*Notes and Procedures.* (1) Grade a forcible felony resulting in the death of a person other than a participating offender as Category Eight even if the death was not intentional. Example 201-1: During a robbery, an offender's weapon discharges accidentally, resulting in the death of a bank teller. (2) Grade conduct as "attempted murder" only where it is established from the circumstances that both (a) death was the intended object; and (b) had death resulted, the offense would have been graded as Category Eight. Example 201-2: An offender places a bomb aboard an aircraft, but the bomb fails to explode. Example 201-3: During a robbery, an offender places a loaded revolver to the head of a victim and pulls the trigger, but the weapon misfires. Grade each of the above examples as "attempted murder." An attempt to kill which, if successful, would have been classified as "voluntary manslaughter" (Category Seven), is to be graded as "assault with serious bodily injury the result intended".]]

202    **Voluntary Manslaughter\***

**Category Seven.** [[*Notes and Procedures.* Example 202-1: An offender stabs and kills a person during a drunken quarrel in a tavern.]]

203    **Involuntary Manslaughter\***

**Category Four.** [[*Notes and Procedures.* This offense is frequently referred to as "grossly negligent or reckless homicide." Example 203-1: While driving under the influence of alcohol, an offender loses control of a vehicle and kills a pedestrian.]]

### SUBCHAPTER B - ASSAULT OFFENSES

211    **Assault During Commission of Another Offense**

(a)  **If serious bodily injury\* results or if "serious bodily injury is the result intended,"\* grade as Category Seven;** [[*Notes and Procedures.* Example 211(a)-1: An offender, while fleeing from a robbery, fires a weapon from a distance at a pursuing police officer. The firing of the weapon at the officer in this circumstance is sufficient to find that "serious bodily injury" was the result intended.]]

(b)  **If bodily injury\* results, or a weapon is fired by any offender, grade as Category Six;** [[*Notes and Procedures.* Example 211(b)-1: During a residential burglary, an offender is confronted by the victim; the offender strikes the victim with his fist and breaks the victim's jaw. Example 211(b)-2: During a bank robbery, an offender fires a weapon at the ceiling to intimidate the victims. No one is injured]].

(c)  **Otherwise, grade as Category Five.** [[*Notes and Procedures.* Example 211(c)-1: An offender forcibly escapes by assaulting a correctional officer. Note: If bodily injury to the correctional officer results, or if a dangerous weapon is used to accomplish the assault, grade as Offense 212(d). Example 211(c)-2: An offender assaults a victim while attempting to commit a sexual act (other than forcible rape or sodomy).]]

[[For the purposes of this guideline, "another offense" means a forcible felony.\* An assault during the commission of a misdemeanor offense or non-forcible felony is graded as Offense 212 (Assault).]]

212    **Assault**

(a)  **If serious bodily injury\* results or if "serious bodily injury is the result intended"\*, grade as Category Seven;** [[*Notes and Procedures.* Example 212(a)-1: During an argument, an offender strikes the victim over the head with a bottle causing injuries sufficient to place the victim on the "critical" list.· Example 212(a)-2: An offender throws a vial of acid at the face of a victim.]]

(b)  **If bodily injury\* results or a dangerous weapon is used by any offender, grade as Category Five;**

(c)  **Otherwise, grade as Category Two.**

(d)  **Exception:**

(1) If the victim was known to be a "protected person"\* or law enforcement, judicial, or correctional official, grade conduct under (a) as Category Seven, (b) as Category Six, and  (c) as Category Three. [[*Notes and Procedures.*

---

\*Terms marked by an asterisk are defined in Chapter Thirteen.

*Exhibit A* 

Grade an assault on a criminal justice official during an arrest under this section only if it involves force sufficient to create a likelihood of bodily injury (e.g., striking or kicking the officer).]]

**(2) If an assault is committed while resisting an arrest or detention initiated by a law enforcement officer or civilian acting under color of law, grade conduct under (a) as Category Seven, (b) as Category Six, and (c) as Category Three.**

[[*Notes and Procedures.* The phrase "a dangerous weapon is used" refers to conduct in which an offender's use of a dangerous weapon puts the victim in imminent danger of bodily injury (e.g., an offender strikes at a victim with an iron bar) or threatens the victim with death or serious bodily injury (e.g., an offender points a firearm at the victim's head). Conduct that does not fit the above parameters (e.g., an offender displays a baseball bat during a domestic dispute but does not attempt to strike the victim with the bat) is graded as Offense 212(c).]]

**213   Firing a Weapon at a Structure Where Occupant(s) are Physically Present**
      Grade according to the underlying offense if one can be established, but not less than Category Five.

## SUBCHAPTER C - KIDNAPING AND RELATED OFFENSES

**221   Kidnaping**
      (a) If the purpose of the kidnaping is for ransom or terrorism, grade as Category Eight.
      (b) If a person is held hostage in a known place for purposes of extortion (e.g., forcing a bank manager to drive to a bank to retrieve money by holding a family member hostage at home), grade as Category Seven;
      (c) If a victim is used as a shield or hostage in a confrontation with law enforcement authorities, grade as Category Seven;
      (d) Otherwise, grade as Category Seven.
      (e) Exception: If not for ransom or terrorism, and no bodily injury to victim, and limited duration (e.g., abducting the driver of a truck during a hijacking and releasing him unharmed within an hour), grade as Category Six.

**222   Demand for Ransom**
      (a) If a kidnapping has, in fact, occurred, but it is established that the offender was not acting in concert with the kidnapper(s), grade as Category Seven;
      (b) If no kidnapping has occurred, grade as "extortion".

## SUBCHAPTER D - SEXUAL OFFENSES

**231   Rape or Forcible Sodomy**
      (a) Category Seven.
      (b) Exception: If a prior consensual sexual relationship is present between victim and offender, grade as Category Six.

**232   Carnal Knowledge* or Sodomy Involving Minors**
      (a) Grade as Category Four, except as provided below.
      (b) If the relationship is clearly consensual and the victim is at least fourteen years old, and the age difference between the victim and offender is less than four years, grade as Category One.
      (c) If the victim is less than twelve years old, grade as Category Seven.
      (d) If the offender is an adult who has abused a position of trust (e.g., teacher, counselor, or physician), or the offense involved predatory sexual behavior, grade as Category Seven. Sexual behavior is deemed predatory when the offender repeatedly uses any trick or other device to attract, lure, or bribe victims into the initial contact that results in the offense.

**233   Other Unlawful Sexual Conduct With Minors**
      (a) Category Four.
      (b) Exception: If the victim is less than twelve years old grade as Category Six.

---

*Terms marked by an asterisk are defined in Chapter Thirteen.

# GUIDELINES FOR DECISION-MAKING

**[Guidelines for Decision-Making, Customary Total Time to be Served before Release (including jail time)]**

| Offense Characteristics:<br>Severity of Offense Behavior | Offender Characteristics: Parole Prognosis<br>(Salient Factor Score 1998) | | | |
|---|---|---|---|---|
| | Very Good<br>(10-8) | Good<br>(7-6) | Fair<br>(5-4) | Poor<br>(3-0) |
| Category One | <=4 months | Guideline Range<br><=8 months | 8-12 months | 12-16 months |
| Category Two | <=6 months | Guideline Range<br><=10 months | 12-16 months | 16-22 months |
| Category Three | <=10 months | Guideline Range<br>12-16 months | 18-24 months | 24-32 months |
| Category Four | 12-18 months | Guideline Range<br>20-26 months | 26-34 months | 34-44 months |
| Category Five | 24-36 months | Guideline Range<br>36-48 months | 48-60 months | 60-72 months |
| Category Six | 40-52 months | Guideline Range<br>52-64 months | 64-78 months | 78-100 months |
| Category Seven | 52-80 months | Guideline Range<br>64-92 months | 78-110 months | 100-148 months |
| Category Eight | 100+ months | Guideline Range<br>120+ months | 150+ months | 180+ months |

08 1195

**FILED**

JUL 1 4 2008

**Clerk**, U.S. District and
**Bankruptcy Courts**

# SALIENT FACTOR SCORE (SFS 98)

**Item A.**    **PRIOR CONVICTIONS/AJUDICATIONS (ADULT OR JUVENILE)** ...................... ☐

None = 3; One = 2; Two or three = 1; Four or more = 0

**Item B.**    **PRIOR COMMITMENT(S) OF MORE THAN 30 DAYS (ADULT/JUVENILE)** ............ ☐

None = 2; One or two = 1; Three or more =0

**Item C.**    **AGE AT CURRENT OFFENSE/PRIOR COMMITMENTS** ................................. ☐

| 26 years or more | Three or fewer prior commitments | = 3 |
| | Four prior commitments | = 2 |
| | Five or more commitments | = 1 |
| 22-25 years | Three or fewer prior commitments | = 2 |
| | Four prior commitments | = 1 |
| | Five or more commitments | = 0 |
| 20-21 years | Three or fewer prior commitments | = 1 |
| | Four prior commitments | = 0 |
| 19 years or less | Any number of prior commitments | = 0 |

**Item D.**    **RECENT COMMITMENT FREE PERIOD (*THREE YEARS*)** ........................................... ☐

No prior commitment of more than 30 days (adult or juvenile) or released to the community from last such commitment at least 3 years prior to the commitment of the current offense = 1; Otherwise =0

**Item E.**    **PROBATION/PAROLE/CONFINEMENT/ESCAPE STATUS VIOLATOR THIS TIME** ☐

Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement, or escape status violator this time =1; Otherwise = 0

**Item F.**    **OLDER OFFENDERS** ................................................................................... ☐

If the offender was 41 years of age or more at the commencement of the current offense and the total score from Items A - E above is 9 or less) = 1; Otherwise =0

**TOTAL SCORE** .................................................................................................. ☐

*Exhibit C*

Docket Text: **#31**

Date: **07/05/2007**  Docket Type: **Discovery Without Request Fd**
Docket Text: **#31**

Date: **07/05/2007**  Docket Type: **Mot Discovery & Inspection, fd**
Docket Text: **#31**

Date: **08/07/2007**  Docket Type: **Line Filed**
Docket Text: **339**

Date: **08/07/2007**  Docket Type: **Motions Hearing Moot**
Docket Text: **^099^ Motions Withdrawn**

Date: **08/14/2007**  Docket Type: **Motion for Continuance, fd**
Docket Text: **Motion to continue trial date. fld, lmc, 283.**

Date: **08/15/2007**  Docket Type: **Motion to Consolidate**
Docket Text: **Motion to Consolidate Defendants for Trial and Motion to Continue Trial Date, filed.340.lbj**

Date: **08/29/2007**  Docket Type: **Adult Daily Sheet, Filed**
Docket Text: **#128 Judge: Whalen Ms. Key Reporter State continuance - granted. Companion case continued. State's Motion (short) to consolidate case with CT070948A - granted. Reset to new trial date 11-7-07.**

Date: **08/29/2007**  Docket Type: **Trial Continued/In Court**
Docket Text:

Date: **10/24/2007**  Docket Type: **Motion to Appt an Interpreter**
Docket Text: **#326**

Date: **11/07/2007**  Docket Type: **Adult Daily Sheet, Filed**
Docket Text: **#380 Proposed Voir Dire, filed. Jury examined on Voir Dire. Right to Peremptory Challenge exercised. Jury selected but not sworn. Judge Lamasney, Ms.Anderson, Reporter. State's Motion (short) to amend Count 2 to reflect Second Degree Assault-Granted. Amendment made by the state. Plea of "Not Guilty" withdrawn and Alford plea of "Guilty" entered to Count 2- Second Degree Assault as amended and Count 3- Second Degree Assault. Court accepts plea, Judge Lamasney, Ms. Anderson, Reporter. Pre sentence ordered. Sentencing date: 1/18/08 before Judge Lamasney at 9:30 a.m. Bond to continue pending sentencing. All parties and attorneys notified.**

*paragraph 10*

Date: **11/07/2007**  Docket Type: **Hicks Complied**
Docket Text:

Date: **11/07/2007**  Docket Type: **Plea Hearing Held**
Docket Text:

08 1195

Date: **01/18/2008**  Docket Type: **Adult Daily Sheet, Filed**
Docket Text: **381PH Judge Lamasney; Ms. Watson, Reporter Defendant's continuance - granted. Counsel on Medical leave Reset to 02-08-08 for sentencing Pre-sentence report sealed and filed.**

**FILED**

**JUL 14 2008**

Date: **01/18/2008**  Docket Type: **Sentencing Continued in Court**
Docket Text:

**Clerk, U.S. District and Bankruptcy Courts**



# APPEAL

U.S. Department of Justice
United States Parole Commission

Name _William Britt_

Register No. _07165 - 007_    Institution _D.C. Central Detention Facility_

I received a Notice of Action dated _Jun. 18, 08_ and appeal that decision under 28 C.F.R. §2.26 and/or §2.220.

_____William Britt_____    _____
              (Signature)                              (Date)

## INSTRUCTIONS:

**Eligibility to file the appeal.** This appeal is available only to: (1) a U.S. Code offender who is eligible for parole (including a military offender); (2) a D.C. Code offender whose term of supervised release has been revoked; (3) a transfer treaty offender who committed the foreign offense before November 1, 1987; and (4) a state offender who is under the Commission's jurisdiction pursuant to 18 U.S.C. §3522.

**Procedures.** The appeal must be mailed to the Commission within 30 days from the date on the Notice of Action. The permissible grounds for appeal are described below. On page two of this form you must provide a brief summary of all the grounds for your appeal. On page three of this form you must provide a statement of the facts and reasons in support of each ground identified in your summary. Continuation pages are permitted for longer appeals. You may provide any additional information in an addendum to your appeal. The Commission may refuse to consider any appeal which does not follow this format. The appeal will be decided on the record, and you will be notified of the Commission's decision through a Notice of Action. Do not submit multiple copies of your appeal, and do not submit documents which are in the Commission's file.

**Mailing address.** You should mail the appeal to U.S. Parole Commission, Appeals Unit, 5550 Friendship Boulevard, Chevy Chase, MD 20815-7201.

**Permissible grounds for appeal.**

(a) The Commission relied on erroneous information, and the actual facts justify a different decision.

(b) There was significant information in existence but not known to me at the time of the hearing, and a different decision would have resulted if the information had been presented.

(c) The Commission made a procedural error in my case, and a different decision would have resulted if the correct procedure had been followed.

(d) The Commission applied a statute or regulation incorrectly (e.g., in determining my period of imprisonment as a supervised release violator, and/or my further term of supervised release).

(e) The Commission made an error in applying the guidelines (error in offense severity rating, salient factor score, and/or calculating time in custody).

(f) A decision outside the guidelines was not supported by the reasons or facts stated in the Notice of Action.

(g) There are especially mitigating circumstances in my case which justify a different decision.

---

## SUMMARY OF GROUNDS FOR APPEAL

**Instructions:** Briefly describe the error which you believe to have occurred, or the specific reason for the Commission to give you a different decision. You do not need to repeat the "ground for appeal" (from Page 1) which applies. Try to list your most important grounds for appeal first.

Ground One: *The commission relied on erroneous information, and the actual facts justify a different decision.*

Ground Two: *The Commission made an error in applying the guidelines ( error in offense severity rating, salient factor score, and / or calculating time in custody).*

Ground Three:

Ground Four:

**Note:** You may present as many grounds for appeal as you believe necessary. If you have more grounds for appeal than you can summarize in the space provided, you may complete your summary on a continuation page.

STATEMENT OF FACTS AND REASONS IN SUPPORT OF EACH GROUND FOR APPEAL

**Instructions:** Please present your grounds for appeal in the order in which they appear in your summary. For each ground of appeal, use the following format, first stating the facts that are relevant to deciding the ground you have identified, and then the reasons why you believe the Commission erred and/or should make a different decision. Use continuation pages in the same format.

**Ground One:** (Circle the applicable ground for appeal from Page 1: (a) b c d e f g).

Facts: The original PD-163 report did not accurately address the totality of the courts final disposition of the case.

Reasons: Although the parolee was initially charged with "First Degree assault and assault on a police officer", the court subsequently in that matter amended the charges to coincide with the evidence induced. (See exhibit C) paragraph 10. Judge Samosney, Mr. Anderson, Reporter. State's Motion (short) to amend Two counts of statutory second degree assault CR 3-203 Misdemeanor.

**Ground Two:** (Circle the applicable ground for appeal from Page 1: a b c d (e) f g).

Facts: During the course of the legal proceedings, the court on its own original charges elected to amend the original charges to read, Two Counts of "Second Degree assault" while expunging the more serious charges of "First Degree assault and assault on a Police Officer." The very information the Commission relied on in it's finding of guilt.

Reasons: If the Commission would have relied on the proper information it would have to place the parolee in a less offense severity category, thus reaching a more lenient decision in its conclusion. Using the appropriate information in this situation the parolee offense severity rating should have been in the Category of (212 (c)). See exhibit A

Thus the parolee in this matter hereby request that the Commission carefully review its finding and place the parolee in the appropriate Customary guideline range of Category two Offense severity level as a fair risk of 12-16 months.

**Ground Three:** (Circle the applicable ground for appeal from Page 1:   a   b   c   d   e   f   g ).

**Facts:**_____

_____

_____

_____

_____

_____

_____

**Reasons:**_____

_____

_____

_____

_____

_____

_____

**Ground Four:** (Circle the applicable ground for appeal from Page 1:   a   b   c   d   e   f   g ).

**Facts:**_____

_____

_____

_____

_____

_____

**Reasons:**_____

_____

_____

_____

_____

_____

_____

USPC                              6/18/2008   3:25    PAGE 1/3   Fax Server

U.S. Department of Justice
United States Parole Commission          JUN 1 8 2008                  **Notice of Action**
5550 Friendship Boulevard
Chevy Chase, Maryland 20815-720  SI   PAROLE

---

Name: Britt, William                        Institution: D.C. Correctional Treatment Facility
Register Number: 07165-007
DCDC No: 277-487                            Date:      June 17, 2008

---

As a result of the hearing conducted on May 14, 2008, the following action was ordered:

Revoke parole. None of the time spent on parole shall be credited.   Continue to a presumptive re-parole on February 6, 2013, after service of 60 months. This presumptive parole date is conditioned upon your maintaining good institutional conduct and the development of a suitable release plan. The Commission will conduct a pre-release record review up to 9 months prior to the presumptive parole date to ascertain that these conditions have been fulfilled. In order to complete this review, the Case Manager should submit an updated Progress Report to the Commission 10 months prior to the presumptive parole date. If there have been Disciplinary Reports since the Commission's last review, they should be attached to the Progress Report for the Commission's consideration. If the Commission has requested that a current psychological or psychiatric report be prepared for this review, it also should be attached.

In addition, you shall be subject to the Special Drug Aftercare Condition that requires that you participate as instructed by your Supervision Officer in a program (inpatient or outpatient) approved by the D.C. Court Services and Offender Supervision Agency for the treatment of narcotic addiction or drug dependency. That program may include testing and examination to determine if you have reverted to the use of drugs. You shall also abstain from the use of alcohol and all other intoxicants during and after the course of treatment.

## FINDINGS OF FACT:

The Commission finds as a fact that you violated conditions of release as charged as indicated below:

Charge No. 1 - Use of Dangerous and Habit Forming Drugs

Basis: Information within the file

Charge No. 2 - Law Violation - a) 1st Degree Assault; b) Assault on a Police Officer; c) Second Degree Assault (Conviction)

Basis: Your plea agreement in court

## REASONS:

Your parole violation behavior has been rated as criminal conduct of Category Five severity because it involved Administrative and Criminal offense:   Assault with Bodily Injury Your salient factor score is 5. See the attached sheet for an explanation of your individual Salient Factor Score items.   The table at the bottom presents the points for Salient Factor Score Item C.   Guidelines established by the Commission indicate a customary range of 48-60 months to be served before release. After review of all relevant factors and information, a departure from the guidelines at this consideration is not warranted.

---

Queued: 06-17-2008 12:21:16 BOP-D.C. Correctional Treatment Facility | BOP-D.C. CCM | USPO-Offender Processing Unit, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

THE ABOVE DECISION IS APPEALABLE.

You may obtain appeal forms from your caseworker or supervising officer and they must be filed with the Commission within thirty days of the date this Notice was sent.

Copies of this Notice are sent to your institution and to your supervising officer.  In certain cases, copies may also be sent to the sentencing court.  You are responsible for advising any others you wish to notify.

cc:    D.C. CCM
       10010 Junction Drive
       Suite 101 North
       Annapolis Junction, MD  20701

       U.S. Marshals Service
       District of Columbia - District Court
       333 Constitution Ave, N.W., Room 1400
       Washington, D.C. 20001
       Warrants - Attn: Karen Brown

       Offender Processing Unit
       300 Indiana Avenue, N.W., Suite 2070
       Washington, D.C. 20001

       Gustavo Gutierrez
       Public Defender Service
       District of Columbia
       Special Proceedings Division
       633 Indiana Avenue, N.W.
       Washington, D.C. 20004

Queued: 06-17-2008 12:21:16 BOP-D.C. Correctional Treatment Facility | BOP-D.C. CCM | USPO-Offender Processing Unit, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

## SALIENT FACTOR SCORE (SFS-98)

| **Your Pts** | **Salient Factor Score (SFS-98) Item Explanations** |
|---|---|
| 1 | **A** - Prior convictions/adjudications (adult or juvenile) None = 3; One = 2; Two or three = 1; Four or more = 0 |
| 1 | **B** - Prior commitments of more than thirty days (adult or juvenile) None = 2; One or two = 1; Three or more = 0 |
| 3 | **C** - Age at commencement of the current offense/prior commitments of more than thirty days (adult or juvenile) (see table below for an explanation) |
| 0 | **D** - Recent commitment free period (three years) <br> No prior commitment of more than thirty days (adult or juvenile), or released to the community from last such commitment at least three years prior to the commencement of the current offense = 1; Otherwise = 0 |
| 0 | **E** - Probation/parole/confinement/escape status violator this time <br> Neither on probation, parole, confinement, or escape status at the time of the current offense; nor committed as a probation, parole, confinement or escape status violator this time = 1; Otherwise = 0 |
| 0 | **F** - Older offenders <br> If the offender was 41 years or more at the commencement of the current offense (and the total score from Items A-E above is 9 or less) = 1; Otherwise = 0 |
| 5 | **Salient Factor Score (SFS-98) (sum of points for A-F above)** |

| Points For SFS Item C | | | |
|---|---|---|---|
| Age | Prior Commitments | | |
| | 0-3 | 4 | 5+ |
| 26 & Up | 3 | 2 | 1 |
| 22-25 | 2 | 1 | 0 |
| 20-21 | 1 | 0 | 0 |
| 0-19 | 0 | 0 | 0 |

Queued: 06-17-2008 12:21:16 BOP-D.C. Correctional Treatment Facility | BOP-D.C. CCM | USPO-Offender Processing Unit, 300 Indiana Avenue | USM-District of Columbia - District Court, D.C. District Court | FPD-District of Columbia, District of Columbia - DC |

## I (a) PLAINTIFFS

William Alonzo Britt

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** 11001
**(EXCEPT IN U.S. PLAINTIFF CASES)**

## DEFENDANTS

Stanley Waldern, Warden DC Dept. of Corrections

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT 11001
**(IN U.S. PLAINTIFF CASES ONLY)**
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
# 277-487
1901 D Street, S.E.
W.D.C. 20003

A

Case: 1:08-cv-01195
Assigned To : Sullivan, Emmet G.
Assign. Date : 7/14/2008
Description: Habeas Corpus/2255

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

☒ U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENS
FOR PLAINTIFF ...   FOR DIVERSITY CASES ONLY

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

| ☐ **A. Antitrust** | ☐ **B. Personal Injury/ Malpractice** | ☐ **C. Administrative Agency Review** | ☐ **D. Temporary Restraining Order/Preliminary Injunction** |
|---|---|---|---|
| ☐ 410 Antitrust | ☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☐ 360 Other Personal Injury<br>☐ 362 Medical Malpractice<br>☐ 365 Product Liability<br>☐ 368 Asbestos Product Liability | ☐ 151 Medicare Act<br><br>**Social Security:**<br>☐ 861 HIA ((1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g)<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g)<br><br>**Other Statutes**<br>☐ 891 Agricultural Acts<br>☐ 892 Economic Stabilization Act<br>☐ 893 Environmental Matters<br>☐ 894 Energy Allocation Act<br>☐ 890 Other Statutory Actions (If Administrative Agency is Involved) | Any nature of suit from any category may be selected for this category of case assignment.<br><br>*(If Antitrust, then A governs)* |

## ☐ E. General Civil (Other) OR ☐ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Immigration**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus- Alien Detainee
☐ 465 Other Immigration Actions

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant)

☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.

☐ 460 Deportation
☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not Administrative Agency Review or Privacy Act)

-0-