UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| WILLIAM A. BRITT, | : | |
| Petitioner, | : | |
| v. | : | Civil Action No. 08-1195 (EGS) |
| STANLEY WALDERN, WARDEN, | : | |
| Respondent. | : | |

**MEMORANDUM OPINION**

This matter is before the Court on William A. Britt's petition for a writ of habeas corpus. For the reasons discussed below, the petition will be denied.

I. BACKGROUND

In the Superior Court of the District of Columbia, on October 7, 1998, petitioner was sentenced to a term of five to 15 years' imprisonment "for the crime of 'Possession with Intent to Distribute Cocaine while armed.'" Pet. at 1; U.S. Parole Commission's Opposition to . . . Petitioner's Petition for Writ of Habeas Corpus ("Comm'n Opp'n") Ex. A (Sentence Monitoring Computation Data as of 02-10-2009) at 1. He "was released on parole on July 18, 2003 . . . with 3592 days remaining to be served on supervision." Pet. at 1; *see* Comm'n Opp'n, Ex. B (Certificate of Parole).[1] Petitioner was arrested in Prince George's County, Maryland on April 4, 2007 after an altercation described in the police report as follows:

---

[1] According to the Certificate of Parole, petitioner was to remain under supervision through May 20, 2013. Comm'n Opp'n, Ex. B at 1.

1

> On 04/04/07, at 2215 hours, this Officer responded to 16113 McConnell Drive, Upper Marlboro, Prince George's County[,] Maryland[,] for a police officer in trouble (Signal 13). Upon my arrival, Victim #3 stated that he observed Arrested #1 (BRITT, William Alonzo) [and] Arrested #2 [name omitted] assaulting Victim #1 [name omitted]. Victim #3 identified himself as a Prince George's County Police Officer to beating Victim #1. Victim #3 pulled both Arrested's [sic] off Victim #1, then both of the Arresteds began to assault Victim #3 by punching him in the face, when he was trying to stop Arrested #1 and Arrested #2 from beating up Victim #1. Victim #3 pulled his county issued service weapon and ordered Arrested #1 and Arrested #2 to stop the assault. Arrested #2 stated to Victim #3 "I ain't trippin[']  on no P.G. County cop[;] I will come back and shoot you and your truck up." Arrested #1, #2, #3, and #4 jumped in a 1992 Chevrolet Van with District of Columbia registration [] [and] fled Northbound on Crain Highway where a felony traffic stop was conducted [by Prince George's County officers]. Victim #2 [name omitted] stated that Arrested #3 [name omitted] along with Arrested #4 [name omitted] were at the door asking for Victim #1 then pushed Victim #2 out of the way. Arrested #1 and Arrested #2 pulled Victim #1 out of the house punching him in the face with closed hands, then took him on the side of the house and continued to stomp him with their feet and punching him about his face and body.

Comm'n Opp'n, Ex. D (P.G. County Police Incident Report, Case No. 07-094-1803) at 2.

"Victim #1 sustained a fractured right jaw, swelling of the left and right eye, and a contusion on his head" during the assault and was transported by ambulance to a hospital. *Id.* Victim #3, the police officer, "suffered a cervical muscle strain." *Id.* at 4.

Petitioner was charged with "First Degree Assault (1 count), Second Degree Assault (1 [c]ount), and Reckless Endangerment."[2] Pet. at 1. "[I]n exchange for a guilty plea, the state [of Maryland] amended one of the charges from 1st degree assault to 2nd degree assault."[3] Comm'n Opp'n, Ex. K (September 18, 2008 Notice of Action on Appeal). Petitioner entered, and the

---

[2] It appears that petitioner faced a total of four counts: first degree assault (1 count), second degree assault (2 counts), and reckless endangerment (1 count). *See* Comm'n Opp'n, Ex. G (Case Information, Circuit Court for Prince George's County – Criminal System, Case No. CT070948B) at 1.

[3] The Court presumes that the charge of first degree assault arose from petitioner's assault on the Prince George's County police officer.

Circuit Court for Prince George's County accepted, an *Alford* plea to two counts of second degree assault.[4]  Pet. at 4; Comm'n Opp'n, Ex. G (Case Information, Circuit Court for Prince George's County – Criminal System, Case No. CT070948B) at 3 (docket entry dated 1/07/2007).

The Parole Commission issued a parole violator warrant on March 5, 2008.  Comm'n Opp'n, Ex. F (Warrant).  According to the supporting Warrant Application, petitioner had tested positive for marijuana use on six occasions (Charge No. 1 – Use of Dangerous and Habit Forming Drugs).  *Id.*, Ex. F (Warrant Application) at 1.  In addition, plaintiff was charged with two law violations arising from the April 4, 2007 incident in Prince George's County for first degree assault and assault on a police officer (Charge No. 2 – Law Violation), and his arrest on June 2, 2007 in the District of Columbia for driving while intoxicated (Charge No. 3 – Law Violation).  *Id.* at 2.  Charge No. 2 subsequently was amended to reflect petitioner's conviction in the Circuit Court for Prince George's County.  *Id.*, Ex. H (Supplement to Alleged Violation(s) Report).  The warrant was executed on March 13, 2008, and the Parole Commission conducted a parole revocation hearing on May 14, 2008, at which petitioner was represented by counsel.  *Id.*, Ex. I (Hearing Summary) at 1.  At the time of the hearing, petitioner had entered his *Alford* plea but had not yet been sentenced by the Circuit Court for Prince George's County.  *Id.* at 2.

The hearing examiner found that petitioner had violated the conditions of his parole by using marijuana, and made no finding with respect to the charge of driving while intoxicated.

---

[4] With an *Alford* plea, a criminal defendant may enter a plea in circumstances where he "intelligently concludes that his interests require entry of a guilty plea and the record before the judge contains strong evidence of actual guilt."  *North Carolina v. Alford*, 400 U.S. 25, 37 (1970).

Comm'n Opp'n, Ex. I at 2, 3.  In addition, based on petitioner's admission, the hearing examiner found that petitioner had committed two counts of second degree assault.  *Id.*

According to the Hearing Summary, petitioner stated that the April 4, 2007 incident "occurred due to an issue with his daughter in that his daughter's mother called him in order to help intervene in receiving their daughter."  Comm'n Opp'n, Ex. I  at 2.  Applying the parole guidelines, the hearing examiner found that petitioner's behavior justified a Category Five severity level, with a re-parole guideline range of 48 to 60 months.  *Id*.  He believed that a decision at the top of the guidelines, 60 months, was appropriate, and explained his reasons as follows:

> [Petitioner] went to defuse a problem and got involved in an assault where somebody had a broken jaw and required medical attention. [He] did not defuse the situation and in fact his daughter was there when this behavior took place.  This behavior is unacceptable and because he was the aggressor and not the victim the decision at the top of the guidelines is appropriate.

*Id.* at 3.  Accordingly, the hearing examiner recommended that the Parole Commission revoke parole, continuing the matter until a presumptive parole date of February 6, 2013 after service of an additional 60 months' incarceration.  *Id.*  The Parole Commission concurred with the hearing examiner's recommendation, *id.*, Ex. J (June 17, 2008 Notice of Action), and the National Appeals Board affirmed.  *Id.*, Ex. K.

Petitioner alleges that the Parole Commission "made a mistake in [its] interpretation of the event causing the petitioner grave injury in the deprivation of his Liberty." Pet. at 5. Notwithstanding petitioner's allegations that the Parole Commission violated rights protected by the Eighth, Fourteenth and Fifteenth Amendments to the United States Constitution, *see id.*, the Court construes petitioner's claim as a due process violation under the Fifth Amendment.

## II.  DISCUSSION

In order to establish that the Parole Commission violated his due process rights, petitioner must show that the parole revocation decision was "either totally lacking in evidentiary support or so irrational as to be fundamentally unfair." *Duckett v. Quick*, 282 F.3d 844, 847 (D.C. Cir.), *cert. denied*, 537 U.S. 863 (2002).  Review of the record demonstrates that the Parole Commission had before it ample evidentiary support for its decision.

Petitioner does not challenge the Parole Commission's decision to revoke parole and he does not deny that he committed assault.  Rather, he disputes only the Parole Commission's assessment of his behavior during the April 4, 2007 incident at a Category Five severity level, arguing that its assessment "place[es] the petitioner in a more onerous category than the facts suggest." Pet. at 4.  Petitioner argues that the hearing examiner found him "guilty of Assault on a Police Officer when that charge was actually amended by the Court in Prince Georges [sic] County where he entered an Alford plea to two counts of Second Degree Assault." *Id.* at 3.  In his view, the incident was less serious than the hearing examiner believed, as petitioner merely was "caught in an event of pandemonium" during which "an unannounced officer gets involved, draws a weapon, and everyone flees the scene without the instance of a discharged weapon." *Id.* at 4.  Petitioner further explains his behavior by stating that he "was confronted by a plain clothed unbeknown to him law enforcement official who attempted to break up the fight," and "then, (instinctively) became combative to said officer[']s interaction as if he was part of an entourage." *Id.* at 3.  It is petitioner's position that, "[b]ased on the facts in the event given he amended charges," his behavior should have been characterized at a Category Two severity level with a guideline range of 12 to 16 months. *Id.* at 5.

Before the Parole Commission was evidence that petitioner "engaged in behavior constituting new criminal conduct." 28 C.F.R. § 2.21(b)(1). This evidence included petitioner's own admission at the revocation hearing, a copy of the Incident Report, and evidence pertaining to criminal proceedings, including petitioner's *Alford* plea, in the Circuit Court for Prince George's County. The fact that petitioner neither was charged with, convicted of, nor pled guilty to assault on a police officer is irrelevant. The Parole Commission may consider in its deliberations any relevant information, including facts underlying criminal charges, even if those charges were amended. *See Crawford v. Barry*, No. 95-7073, 1996 WL 734096, at *1 (D.C. Cir. Nov. 8, 1996) (per curiam) (concluding that the Parole Board properly relied on criminal charge of which appellant had been acquitted); *Mack v. McCune*, 551 F. 2d 251, 254 (10th Cir. 1977) (per curiam) (concluding that a state court conviction later overturned did not undermine Parole Commission's independent determination of criminal conduct based on parolee's admission).

Upon the finding that petitioner engaged in new criminal conduct, the Parole Commission calculated an "appropriate severity rating for the new criminal behavior." 28 C.F.R. § 2.21(b)(1). According to the Offense Behavior Severity Index, assaultive behavior is considered Category Five behavior "[i]f bodily injury results." 28 C.F.R. § 2.20 (Offense Behavior Severity Index), Chapter 2 (Offenses Involving the Person), Subchapter B (Assault Offenses), para. 212. The Incident Report states that the first assault victim sustained a fractured jaw, swelling to his eyes, and contusions to his head after having been punched and stomped by petitioner and another individual.

"The Parole Commission need only find a violation of parole conditions by a preponderance of the evidence." *Allston v. Gaines*, 158 F. Supp. 2d 76, 80 (D.D.C. 2001); *see* 28

C.F.R. § 2.105(a).  The Parole Commission's findings that petitioner engaged in new criminal conduct, assault, and that the conduct resulted in bodily injury to the victims, are amply supported in the record.

### III.  CONCLUSION

Because petitioner cannot show that the revocation decision was totally lacking in evidentiary support or so irrational as to be fundamentally unfair, his petition for a writ of habeas corpus will be denied.  An Order accompanies this Memorandum Opinion.


Signed:	EMMET G. SULLIVAN
	United States District Judge

Dated:	March 9, 2009